IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

November 15, 2012

RE: LEONARD PRESSLEY V. BRIAN COLEMAN, ETAL
CA No. 12-4006

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Rice, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: _____
LINDA V. JERRY, Deputy Clerk

cc: PRESSLEY
    PALMER

Courtroom Deputy to Judge Goldberg

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD PRESSLEY, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | No. 12-4006 |
| | : | |
| BRIAN COLEMAN, et al., | : | |
| Respondents. | : | |

### REPORT AND RECOMMENDATION

TIMOTHY R. RICE                                                              November 13, 2012
U.S. MAGISTRATE JUDGE

      Petitioner Leonard Pressley, a prisoner at the State Correctional Institution in Fayette, Pennsylvania, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, I respectfully recommend Pressley's claims be denied as non-cognizable and procedurally defaulted.

### FACTUAL AND PROCEDURAL HISTORY

      On November 29, 2001, a jury convicted Pressley of third-degree murder, robbery, possessing instruments of a crime, and criminal conspiracy. See Commonwealth v. Pressley, CP-51-CR-0409571-2001, at 3-4, (C.C.P. Phila. Co.) ("Criminal Docket"). The trial court sentenced Pressley to an aggregate term of twenty-to-forty years of imprisonment. See id. The charges arose from the robbery and shooting of Kareem Williams. Opinion, at 1-2, 1619 EDA 2002 (C.C.P. Phila. Co. Oct. 24, 2002) ("Trial Ct. Op."). Witness Latoya Butler testified she saw Pressley and his brother, Damien Pressley, searching Williams' pockets while they held him against a car. Id. Damien Pressley then stepped back and fatally shot Williams while Leonard Pressley continued to struggle with him on the car's hood. Id. The brothers fled and Pressley was arrested in Florida approximately six months later. Id.; Criminal Docket.

The trial court denied Pressley's post-sentence motion challenging application of the deadly weapons enhancement. Trial Ct. Op., at 3. Pressley appealed his judgment of sentence, challenging the trial court's failure to issue jury instructions regarding: (1) the lesser included charge of simple assault, (2) "mere presence" relating to conspiracy, and (3) "missing evidence" relating to an affidavit of probable cause. See Commonwealth v. Pressley, 887 A.2d 220, 222 (Pa. 2005) (Castille, J., concurring) (Baer, J. and Nigro, J., concurring and dissenting). The Superior Court affirmed, finding Pressley's claims were waived because his counsel failed to specifically object to the instructions at the charge's conclusion. Id. at 223. The Pennsylvania Supreme Court granted review and remanded for consideration on the merits. Id.

On remand, Pressley did not pursue his claim relating to the mere presence instruction. See Br. on Remand for Appellant, 1619 EDA 2002 (Pa. Super. Ct. Apr. 3, 2006) ("Direct Appeal Brief II"). The Superior Court found his remaining jury instruction claims meritless and affirmed, reasoning Pressley failed to show prejudice resulting from the lack of instructions. Memorandum, at 6 (June 1, 2006) ("Direct Appeal Ct. Op. II"). The Pennsylvania Supreme Court denied review on December 5, 2006. Order, No. 302 EAL 2006 (Pa. Dec. 5, 2006) (unpublished table decision).

Pressley filed a timely pro se petition for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9542 et seq., stating the following claims:

- Trial counsel ineffectiveness for failing to object to testimony from Lt. James Redmond[1] pursuant to Miranda v. Arizona, 384 U.S. 436 (1966);

---

[1] Lt. Redmond, a member of the Florida Sheriff's Department, testified he spoke with Pressley after his arrest. Tr. Vol. 2, at 10:15-11:5 (Nov. 29, 2012). After Pressley asked why he was being arrested, Redmond showed him the fugitive warrant and flyer, then said "Does that answer your question?" Id. Redmond described the following:

2

- Trial counsel ineffectiveness for failure to specifically object to jury instructions at the conclusion of the charge regarding the simple assault charge, "mere presence" relating to conspiracy, and "missing evidence";

- Trial counsel ineffectiveness for failure to preserve the following issues on appeal: (1) Latoya Butler's inconsistent statements, and (2) imposition of an excessive sentence;

- After-discovered exculpatory evidence consisting of a property receipt showing Mr. William's personal effects and Damien Pressley's testimony during his own trial.[2]

Mot. for Post Conviction Collateral Relief (C.C.P. Phila. Co. Nov. 28, 2007) ("PCRA Pet.").

Counsel was appointed and filed two amended PCRA petitions with accompanying briefs, which focused solely on the after-discovered evidence claim. See Am. Mot. for Post-Conviction Relief (Oct. 15, 2008) ("Am. PCRA Pet."); Supp. Am. Mot. for Post-Conviction Relief (Feb. 10, 2009) ("Supp. Am. PCRA Pet."). The PCRA court denied Pressley's petition without an evidentiary hearing. Opinion, 472 EDA 2010 (C.C.P. Phila. Co. Jul. 1, 2010) ("PCRA Ct. Op.").

On appeal, Pressley argued: (1) newly-discovered exculpatory evidence -- the property receipt and Damien Pressley's testimony -- necessitated a hearing, and (2) his trial counsel was ineffective for failing to discover and introduce the property receipt. See Memorandum at 4, 8,

---

> [Pressley] looked at pictures of himself and said, 'Yeah, that's me.' [Pressley] read the warrant and in about five minutes, a smirk came over his face and he said, 'They only got one witness.' I said, 'Well, do you want to talk about it?' [Pressley] said 'No.' Paper work [sic] was made out and he was booked into our jail.

Id.

[2] The property receipt from the hospital shows Williams had cash, keys, and credit cards in his pockets at the time he was shot. See Am. PCRA Pet. Damien Pressley testified an unknown third party shot Williams while Leonard Pressley and Williams were fighting. See Supp. Am. PCRA Pet.

472 EDA 2010 (Pa. Super. Ct. Jan. 4, 2012) ("PCRA Appeal Ct. Op."). The Superior Court concluded Pressley waived his newly-discovered evidence claim because he learned of the evidence during his direct appeal, but failed to raise the issue until collateral review. Id. at 5-7 (citing 42 Pa. Conn. Stat. Ann. § 9543(a)(3)). The court also held Damien's testimony was not newly-discovered exculpatory evidence because it merely would impeach Latoya Butler. PCRA Appeal Ct. Op. at 6. Finally, the court rejected the trial counsel ineffectiveness claim because Pressley failed to establish prejudice, finding a reasonable jury could conclude Pressley and his brother committed robbery even though they did not obtain some or all of Williams' possessions. Id. at 8-9. The Pennsylvania Supreme Court denied review on June 27, 2012. Order, No. 57 EAL 2012 (Pa. June 27, 2012) (unpublished table decision).

On June 27, 2012, Pressley timely filed his federal habeas petition,[3] alleging:

1) PCRA counsel was ineffective for failure to raise trial counsel ineffectiveness regarding Miranda violation;

2) PCRA counsel was ineffective for failure to raise trial counsel ineffectiveness regarding inconsistent statement by "Commonwealth's key witness";

3) PCRA counsel was ineffective for failure to raise trial counsel ineffectiveness regarding a sentencing guideline violation;

4) The trial court failed to instruct the jury on the charge of simple assault as a lesser included offense of robbery;

---

[3] Pressley's conviction became final on March 5, 2007, ninety days after the Pennsylvania Supreme Court denied review of his direct appeal on December 5, 2006. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). He had one year from that date to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). That limitations period was tolled when he filed his PCRA petition on November 28, 2007, and it remained tolled until the conclusion of his PCRA proceedings on June 21, 2012. See 28 U.S.C. § 2244(d)(2); Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). Thus, Pressely had 97 days from June 21, 2012 to timely file his petition.

4

5)      The trial court failed to instruct the jury on "mere presence" as it applies to conspiracy;

6)      The trial court failed to re-instruct the jury on accomplice liability;

7)      The trial court failed to give a missing evidence jury instruction as it pertained to the undated affidavit of probable cause that was alleged to have been prepared the same night of the shooting.[4]

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 8, 10-A, Pressley v. Coleman, No. 12-4006 (E.D. Pa. June 27, 2012) ("Petition"). Pressley also has requested an evidentiary hearing. Id. at 18.

For the following reasons, all Pressley's claims are non-cognizable and, alternatively, procedurally defaulted. Accordingly, his petition should be dismissed with prejudice.

## DISCUSSION

Habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a). "The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Taylor v. Horn, 504 F.3d 416, 448 (3d Cir. 2007) (quoting Geschwendt v. Ryan, 967 F.2d 877 (3d Cir. 1992)). Furthermore, "what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) (emphasis omitted).

---

[4] Pressley's petition lists only two grounds for relief, but each ground contains multiple discrete claims of counsel ineffectiveness and trial court error. See Petition at 8, 10-A. I have renumbered his claims accordingly. See Leamer v. Fauver, 288 F.3d 532, 547 (3d Cir. 2002) (requiring liberal construction of pro se complaints). His second ground for relief is written on the back of petition page 10; I will refer to this page as "10-A."

5

I. <u>Ineffective Assistance of PCRA Counsel Claims</u>

Pressley's first three claims are not cognizable because he cannot claim constitutionally ineffective assistance of PCRA counsel. See 28 U.S.C. § 2254(a); Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) (no constitutional right to effective assistance of counsel in state post-conviction proceedings).

Pressley's petition, however, cites Martinez v. Ryan, 132 S. Ct. 1309 (2012) in its challenge to PCRA counsel's ineffectiveness. Under Martinez, inadequate assistance of counsel at initial-review collateral proceedings "may establish cause" for procedural default of a trial counsel ineffectiveness claim. Id. at 1315; see also Coleman, 501 U.S. at 750 (allowing federal habeas review of defaulted claims if petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law"). Thus, I will interpret Pressley's PCRA ineffectiveness claims as an attempt to overcome the procedural default rule, which precludes consideration of his trial counsel ineffectiveness claims.[5] See Leamer, 288 F.3d at 547 (requiring liberal construction of pro se complaints).

Martinez created an exception to procedural default in states, such as Pennsylvania, where claims of ineffective assistance of trial counsel generally must be raised in an initial-

---

[5] Pressley did not exhaust his trial counsel ineffectiveness claims regarding the Miranda violation, inconsistent statements, or excessive sentence because he failed to raise them during the PCRA proceedings. See 28 U.S.C. § 2254(b) (requiring habeas petitioner to complete state's established appellate review process to avoid procedural default); Am. PCRA Pet. (briefing only newly-discovered evidence issues); Supp. Am. PCRA Pet. (same). Pressley is now well beyond the one-year limitations period for filing an additional PCRA petition, and independent and adequate state law grounds preclude federal review of his trial counsel ineffectiveness claims. See Whitney v. Horn, 280 F.3d 240, 252-53 (3d Cir. 2002); supra n. 2 (calculating date conviction became final); 42 Pa. Cons. Stat. § 9545(b)(1) (imposing one-year filing deadline).

6

review collateral proceeding. See Martinez, 132 S. Ct. at 1320; Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002) ("[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review."). Under Martinez, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, . . . counsel . . . was ineffective." Martinez, 132 S. Ct. at 1320. If Pressley's PCRA counsel was ineffective for failing to raise substantial claims of trial counsel ineffectiveness at the PCRA hearing, it would constitute cause to excuse procedural default of those claims, and permit review here. See id. A "substantial" underlying claim is a claim that has "some merit." Id. at 1318-19.

To establish ineffectiveness claims, Pressley first "must show counsel's performance was deficient," meaning "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland v. Washington, 466 U.S. 667 (1984). Second, he must show the deficient performance prejudiced the defense," meaning counsel's "errors were so serious as to deprive the defendant of a fair trial." Id. To meet this prong, Pressley must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." Id. at 694. This is an objective inquiry. Breakiron v. Horn, 642 F.3d 126, 145 (3d Cir. 2011). "Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."[6] Strickland, 466 U.S. at 687.

---

[6] Pennsylvania applies the same test for ineffective assistance of counsel as the federal courts. Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000). In Pennsylvania, the ineffective assistance of counsel standard requires the petitioner to "rebut the presumption of professional

7

Pressley fails to allege any facts supporting his conclusory assertions of trial counsel ineffectiveness, and thus cannot establish his underlying claims are substantial. See Petition at 8; Martinez, at 1318-19. Although pro se filings are subject to less stringent pleading requirements and should be liberally construed, the rules governing habeas corpus petitions demand more than notice pleading. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Mayle v. Felix, 545 U.S. 644, 655 (2005). Pressley must "specify all the grounds for relief available" to him and "state the facts supporting each ground." Mayle, 545 U.S. at 655 (quoting 28 U.S.C. § 2254, Rule 2(c)). I cannot grant relief based on vague and conclusory allegations; rather, Pressley must set forth sufficient facts to support his claims. Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991) (citing Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987)).

Pressley cursorily states his PCRA and trial counsel were ineffective, but fails to address either prong of Strickland or provide any facts supporting any ineffectiveness claim.[7] See Petition at 8. He does not specify which statements his trial attorney arguably should have moved to suppress pursuant to Miranda, much less identify which witness made the statements. See id. He also fails to explain how his trial attorney's failure to object to "inconsistent

---

competence" by demonstrating: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interest; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." Commonwealth v. Sneed, 899 A.2d 1067, 1076 (Pa. 2006). If the petitioner fails to satisfy any of the standard's prongs, the claim will be rejected. Id.

[7] My review of the state court record suggests Pressley is attempting to raise select issues from his pro se PCRA petition, i.e., trial counsel ineffectiveness for failure to challenge Lt. Redmond's testimony, Latoya Butler's inconsistent statements, and his excessive sentence. Compare Petition with PCRA Pet. However, Pressley's failure to elaborate on the vague claims in his federal petition prevents me from meaningfully addressing his petition. See Zettlemoyer, 923 F.2d at 298.

8

statements" from an unidentified "key witness" would have altered the outcome of the trial. See id. Finally, he does not explain how his trial attorney rendered ineffective assistance regarding a purported sentencing guideline violation.[8] See id. Even assuming deficient performance, Pressley makes no showing of prejudice. See Strickland, 466 U.S. at 687. Because Pressley failed to establish his underlying trial counsel ineffectiveness claims are "substantial," the alleged PCRA counsel ineffectiveness cannot constitute cause to excuse procedural default of his underlying claims under Martinez.[9]

Accordingly, Pressley is not entitled to relief based on his first three claims because his PCRA ineffectiveness claims are not cognizable, see Zettlemoyer, 923 F.2d at 298, and his underlying trial counsel ineffectiveness claims are procedurally defaulted, see 28 U.S.C. § 2254(b).

## II. Trial Court Error Claims Regarding Jury Instructions

Jury instruction errors are not usually a basis for habeas corpus relief because a state court's misapplication of its own law does not generally raise a constitutional claim. Zettlemoyer, 923 F.2d at 309. Even assuming state court error, the failure to give a jury instruction must rise to the level of a due process violation to justify habeas relief. See Geschwendt, 967 F.2d at 883. Pressley again fails to identify specific constitutional violations or

---

[8] Pressley's trial attorney filed a motion challenging the deadly weapons enhancement to Pressley's sentence. See Sentence Appeal Op.

[9] I find no other cause or prejudice to excuse the default because Pressley has not shown interference by government officials or that the "exculpatory evidence" was not discoverable earlier, nor has he established failure to consider his claims will result in a fundamental miscarriage of justice because he has not shown actual innocence. See Coleman, 501 U.S. at 753 (discussing "cause and prejudice"); Schlup v. Delo, 513 U.S. 298, 324 (1995) (discussing "actual innocence"); PCRA Pet. (showing Pressley discovered evidence during direct appeal process).

9

show prejudice resulting from the lack of jury instructions. See Petition at 10-A. On direct appeal, Pressley did not frame the jury instruction issues as federal constitutional claims, citing only state statutes and state court decisions in support of his claims, and the Superior Court similarly analyzed the claims under state law. See Direct Appeal Brief II; Direct Appeal Op. II. Accordingly, Pressley is not entitled to relief based on his remaining claims because they are not cognizable.[10] See Zettlemoyer, 923 F.2d at 309.

III. Request for Evidentiary Hearing

A district court has discretion to grant an evidentiary hearing only if the petitioner meets the limitations of 28 U.S.C. § 2254(e)(2).[11] Goldblum v. Klem, 510 F.3d 204, 220-21 (3d Cir. 2007). The decision to hold an evidentiary hearing should focus on whether the hearing would be meaningful. Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000). A petitioner bears the burden of "'forecast[ing] . . . evidence beyond that already contained in the record' that would

---

[10] Moreover, the Superior Court's holding -- failing to give jury instructions was harmless error because Pressley suffered no prejudice -- was not contrary to, or an unreasonable application of, clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

Even if Pressley had identified a specific constitutional violation in his habeas petition, his claims would be procedurally defaulted. See 28 U.S.C. § 2254(b). Pressley failed to "fairly present" to the state courts any constitutional issues regarding the simple assault and missing evidence jury instructions. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (requiring petitioner to alert the state courts to the "federal nature of the claim"); see also Direct Appeal Brief II (raising only state law issues). Pressley also did not pursue trial court error regarding the mere presence instruction on his second direct appeal, and never presented to the state courts his claim that the trial court failed to re-instruct the jury on accomplice liability. See id.; PCRA Pet.; Am. PCRA Pet.; Supp. Am. PCRA Pet.

[11] A federal court cannot hold an evidentiary hearing unless the applicant shows the claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered, or the applicant shows the "facts underlying the claim would be sufficient to establish . . . that but for the constitutional error, no reasonable factfinder would have found the applicant guilty." § 2254(e)(2).

10

help his cause, 'or otherwise . . . explain[ing] how his claim would be advanced by an evidentiary hearing.'" Id. (quoting Cardwell v. Greene, 152 F.3d 331, 338 (4th Cir. 1998)). An evidentiary hearing "is not required on issues that can be resolved by reference to the state record." Goldblum, 510 F.3d at 221 (quoting Schriro v. Landrigan, 550 U.S. 465, 474 (2007)).

Pressley summarily requests an evidentiary hearing on his habeas petition, Petition at 18, but he has not explained how an evidentiary hearing would advance his claims, nor has he satisfied the requirements of section 2254(e)(2). His failure to allege any facts in support of his ineffectiveness claims not only renders them non-cognizable, see discussion § I supra, it also renders him ineligible for a hearing, see § 2254(e)(2). He also has failed to demonstrate how an evidentiary hearing could assist him in avoiding the inevitable legal conclusion that his remaining trial court error claims are non-cognizable, see discussion § II supra, and I find no basis on which an evidentiary hearing would be meaningful. See Campbell v. Vaughn, 209 F.3d at 287. Pressley's request for an evidentiary hearing is, therefore, denied.

Accordingly, I make the following recommendation:

## RECOMMENDATION

AND NOW, this 13th day of November, 2012, it is respectfully recommended that the petition for writ of habeas corpus be DENIED with prejudice. It is further recommended that there is no probable cause to issue a certificate of appealability.[12] The petitioner may file objections to this Report and Recommendation within fourteen days after being served with a copy thereof. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

TIMOTHY R. RICE
UNITED STATES MAGISTRATE JUDGE

---

[12] Because jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims, no certificate of appealability should be granted. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LEONARD PRESSLEY, | : | CIVIL ACTION |
| --- | --- | --- |
| Petitioner, | : | |
| | : | |
| v. | : | No. 12-4006 |
| | : | |
| BRIAN COLEMAN, et al., | : | |
| Respondents. | : | |

## ORDER

**MITCHELL S. GOLDBERG, J.**

AND NOW, this          day of             , 2012, upon careful and independent consideration of the petition for a writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DENIED with prejudice.

3. There is no probable cause to issue a certificate of appealability.

4. The Clerk of the Court shall mark this case closed for statistical purposes.

BY THE COURT:


_____
MITCHELL S. GOLDBERG, J.