IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD PRESSLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRIAN COLEMAN, et al. | : | NO. 12-4006 |

## ORDER

**AND NOW**, this 24th day of June, 2013, upon careful and independent consideration of the petition for a writ of habeas corpus (Doc. No. 1), review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Doc. No. 11), and Petitioner's pro se "Petition to File Amended Petition Pursuant to Fed. R. Civ. P. 15 or United States v. Thomas 221 F.3d 430 (3rd Cir. 2000)" (Doc. No. 12), we find as follows:

1. Petitioner, Leonard Pressley, commenced this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 13, 2012. The matter was referred to United States Magistrate Judge Timothy R. Rice, who prepared a Report and Recommendation, which was filed on November 14, 2012. Twenty-eight days after the Report and Recommendation was submitted, on December 11, 2012, Petitioner filed a "Petition to File Amended Petition Pursuant to Fed. R. Civ. P. Rule 15 or United States v. Thomas 221 F.3d 430 (3rd Cir. 2000)" ("Petition to Amend"). The Government responded to Petitioner's Petition to Amend on May 31, 2013.

2. "Leave to amend a habeas corpus petition may be granted for the same reasons that a pleading in a civil action may be amended." Anderson v. Vaughn, 2000 WL 1763672, at *1 (E.D. Pa. Nov. 30, 2000); 28 U.S.C. § 2242. Under Rule 15(a), "[t]he court should freely give leave [to amend] when justice so requires." In deciding whether to grant

1

leave to amend, the Court may consider whether there was "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

3. There has been significant delay in Petitioner's request to amend his habeas corpus petition. Petitioner could have amended his petition as a matter of course within twenty-one days of receiving the Government's response. FED. R. CIV. P. 15(a)(1). Further, he could have sought leave to amend prior to the submission of the Report and Recommendation prepared by Judge Rice. Instead, Petitioner filed his petition to amend twenty-eight days after the Report and Recommendation was filed, and fourteen days beyond the time period in which he was instructed to file any objections thereto.[1]

4. We also find that Respondent would be prejudiced by the allowance of an amendment because the initial habeas corpus petition has already been fully litigated. See Anderson, 2000 WL 1763672, at *1.

5. Finally, Petitioner has not presented a copy of the requested amendment. Instead, his Petition to Amend appears to set forth objections to the Report and Recommendation. He does not set forth any facts that would cure the deficiencies noted by Judge Rice—that all of Petitioner's claims are not cognizable and procedurally defaulted. (R&R, pp. 6-10.)[2]

---

[1] The Report and Recommendation informed Petitioner of Local Rule of Civil Procedure 72.1 IV(b), which prescribes a fourteen-day window following the submission of the Report and Recommendation for a Petitioner to object to the Magistrate Judge's findings.

[2] We agree with Judge Rice's analysis concerning Petitioner's claims for ineffective assistance of PCRA counsel and his claims for trial court error regarding the jury instructions.

WHEREFORE, it is hereby **ORDERED** that:

1. Petitioner's "Petition to File Amended Petition Pursuant to Fed. R. Civ. P. 15 or United States v. Thomas 221 F.3d 430 (3rd Cir. 2000)" is **DENIED** with prejudice.

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. The petition for a writ of habeas corpus is **DENIED** with prejudice.

4. There is no probable cause to issue a certificate of appealability.

5. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

**BY THE COURT:**

_/s/ Mitchell S. Goldberg_
MITCHELL S. GOLDBERG, J.

---

A claim for ineffective assistance of counsel in post-conviction proceedings is not cognizable. Coleman v. Thompson, 501 U.S. 722, 752-53 (1991). To the extent that Petitioner is attempting to excuse procedural default of his trial counsel ineffectiveness claims pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012), Petitioner has not presented facts to demonstrate a substantial claim of ineffective assistance of trial counsel. Martinez, 132 S. Ct. at 1318 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say the prisoner must demonstrate that the claim has some merit."); see also Strickland v. Washington, 466 U.S. 668, 687 (1984) (to establish an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's performance was deficient under the Sixth Amendment and that the errors made were so serious as to deprive him of a reliable, fair trial).

With regard to the alleged trial court errors, "federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of a constitutional dimension." Zettlemoyer v. Fulcomer, 923 F.2d 284, 309 (3d Cir. 1991). However, even if we were to accept Petitioner's argument that the state court's failure to provide the jury with instructions on lesser included offense, "mere presence," accomplice liability and missing evidence rose to the level of a due process violation, Petitioner failed to appropriately raise these issues in the appellate process, and thus these claims are procedurally defaulted. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (a prisoner must fairly present his claim to the state court, including alerting the state court to the federal nature of the claim); (R&R, p. 10, fn. 10.)